UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MICHAEL EDWARD COMMEAU, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | 1:21-cv-00055-NT |
| | ) | |
| MATTHEW MAGNUSSON, | ) | |
| | ) | |
| Respondent | ) | |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Petitioner seeks habeas relief, pursuant to 28 U.S.C. § 2254, from a state court judgment entered in 2002 following his conviction on kidnapping and gross sexual assault charges. The state court sentenced Petitioner to consecutive sentences of forty years (gross sexual assault) and ten years (kidnapping). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." After a review in accordance with Rule 4, I recommend the Court dismiss the matter.

**DISCUSSION**

The record reflects that the Court denied Petitioner habeas relief on a petition he filed in 2008. (See *Commeau v. State*, 1:08-cv-00306-JAW, Recommended Decision, ECF No. 9; Order Adopting Recommended Decision, ECF No. 11; Supplemental Decision, ECF

No. 13.) Petitioner's request, therefore, constitutes a second or successive petition for habeas relief.

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* First Circuit Local Rule 22.1; *Bruins v. Cain*, 162 F.3d 95 (5th Cir. 1998) (per curiam) (noting that the district court should have dismissed a section 2254 petition for lack of subject matter jurisdiction rather than for failure to prosecute when the petitioner failed to obtain prior permission from the Fifth Circuit to file a successive petition); *see also Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008) (applying same jurisdictional analysis in the context of a petition brought by a federal prisoner pursuant to 28 U.S.C. § 2255). This Court thus lacks subject matter jurisdiction to consider a second or successive section 2254 petition unless the Court of Appeals for the First Circuit has specifically authorized the Court to consider the petition.

The record lacks any evidence to suggest that the First Circuit has authorized this Court to consider the petition. In fact, the First Circuit previously denied Petitioner leave to file a second or successive petition on two occasions. (Judgments of the First Circuit, ECF Nos. 16, 17.) Because the First Circuit has not authorized Petitioner to proceed on the pending motion, the Court is without jurisdiction to consider the merits of the motion.

First Circuit Rule 22.1(e) provides that if a second or successive § 2254 petition is filed in the district court without the required authorization from the First Circuit, the district court "will transfer the petition to the court of appeals pursuant to 28 U.S.C. § 1631

or dismiss the petition." Because on two prior occasions, the First Circuit denied Petitioner leave to file a second or successive petition, and because the current petition does not appear to be based on newly discovered evidence or a new rule of constitutional law made retroactive on collateral review, the interests of justice do not support transfer to the First Circuit. Dismissal, therefore, is appropriate.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss the petition without requiring Respondent to answer the petition. I also recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases, because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 2nd day of March, 2021.